## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**K. P., A MINOR, BY CASSANDRA
PAYNE, MOTHER AND NEXT
FRIEND**                                                             **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO.: 2:23-cv-6-KS-MTP**

**JEFFERSON DAVIS COUNTY
SCHOOL DISTRICT AND ISSAC
HAYNES, JR., SUPERINTENDENT OF
EDUCATION OF THE JEFFERSON
DAVIS COUNTY SCHOOL DISTRICT
AND INDIVIDUALLY**                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This cause comes before the Court on Defendants' Motion to Dismiss [16]. Plaintiff has filed a Response [19]. Defendants have filed a Reply [21]. Accordingly, having reviewed the parties' submissions, the relevant rules and legal authorities, and otherwise being duly advised in the premises, for the reasons set forth herein, the Court finds that Defendants' Motion to Dismiss [62] will be granted in part and denied in part.

### I. BACKGROUND

This case arises from Defendants suspending and placing Plaintiff in an alternative school. [17] at p. 2. In February 2022, Plaintiff, K.P., was suspended by Defendants Jefferson Davis County School District ("The School District") and Issac Haynes, Jr., Superintendent of Education of the Jefferson Davis County School District ("Haynes") for ten days without a hearing, to investigate a shooting threat K.P. allegedly made against the School District using social media. [17] at p. 2; [19] at p. 3. After this ten-day suspension, a hearing was held before the disciplinary committee of the school board, but not the whole board, in which they found

K.P. had made the threat. Haynes then confirmed the disciplinary committee's finding and suspended K.P. from her 7th grade class and placed her in the District's Alternative School Program for one year. [17] at p. 2.[1] Following Haynes' decision, K.P.'s parents withdrew her from the School District and placed her in a private school. *Id*. Subsequently, on January 9, 2023, K.P. filed this lawsuit alleging First Amendment, Fourteenth Amendment Due Process, and state law negligence claims. The Defendants then filed for dismissal on the grounds that the Fourteenth Amendment and state law negligence claims were inadequately pleaded.[2] In response, Plaintiff filed an Amended Complaint [12]. As a result, Defendants' first Motion to Dismiss [9] was denied as moot. Following that denial, Defendants filed the instant Motion [16] seeking dismissal of the Fourteenth Amendment claims and state law negligence claims for again being inadequately pleaded.

## II. DISCUSSION

### 1. Legal Standard

To withstand a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Although a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). However, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, (2009).

---

[1] Plaintiff claims she did not make such a threat and that Defendant has no proof of such a threat.
[2] Defendants have not moved to dismiss the First Amendment Claims, as such they are not the subject of this order.

**2. Analysis**

In Plaintiff's Amended Complaint she alleges two Fourteenth Amendment due process violations, one for her ten-day suspension and one for her one-year alternative school assignment. Additionally, she alleges a state law negligence claim against Superintendent Haynes for the alternative school assignment.

**A. Ten Day Claim**

Plaintiff alleges in her Amended Complaint in relevant part, "Plaintiff's expulsion for ten days constituted an unconstitutional taking under the Fourteenth Amendment of the United States Constitution." [12] at p. 3.

To state a claim for constitutional violations cognizable under 42 U.S.C. § 1983, a plaintiff must allege facts that establish the deprivation of a right, privilege, or immunity secured by the United States Constitution or federal law by a person acting under the color of state law. *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). For a constitutional violation implicating the Fourteenth Amendment, a person must be deprived of a life, liberty, or property interest without due process of law. USCS § Const. Amend. 14.

Generaly, Defendants argue there is no right deprived here. Specifically, Defendants assert that in Mississippi, students are not entitled to due process hearings unless the suspension lasts more than ten days. *See* MISS. CODE ANN. § 37-9-71. Therefore, Defendants contend they were well within their rights in suspending K.P. for ten days while investigating the charge and awaiting a disciplinary hearing. Summarily, Defendants argue that Plaintiff's attempt to plead an "unconstitutional taking" under the Fourteenth Amendment Due Process clause for her ten days suspension without a hearing is meritless.

Alternatively, Plaintiff contends that the Mississippi statute is unconstitutional based on K.P.'s constitutionally protected right not to be excluded from the educational process. Plaintiff posits in her Reply [21] that, in its initial suspension, the School District acted in an unreasonable and arbitrary manner and had no evidence on which to base its ten-day suspension. Therefore, it is her contention that if the ten-day suspension was unsupported by any evidence, then this suspension was arbitrary and capricious and a violation of her constitutionally protected right not to be excluded from the classroom.

Despite the arguments presented by Plaintiff, the Court finds the allegations in the Amended Complaint are insufficient. Plaintiff does not explain in any manner why it was an unconstitutional taking in the Amended Complaint. *Twombly*, 550 U.S. at 570. She did not allege as part of the claim related to the ten-day suspension that Defendants had no evidence or that no hearing was held. Furthermore, the Court must not look beyond the four corners of the pleadings to determine whether any relief should be granted. *Spivey v. Robertson*, 197 F.3d 772,774 (5th Cir. 1999). As such, the motion to dismiss the due process Fourteenth Amendment claims will be granted.

### B. Claim Relating to the One-Year Alternative School Assignment

Plaintiff alleges in relevant part that,

> "K.P.'s placement in the Alternative School was a violation of procedural due process, in that the hearing before the disciplinary committee was inadequate and there was no hearing before Superintendent Haynes. Further, the actions taken against K.P., given the surrounding facts, constituted a violation of substantive due process, in that there was no factual basis for any of the disciplinary actions taken against K.P." [12] at p. 3.

Again, To state a claim for constitutional violations cognizable under 42 U.S.C. § 1983, a plaintiff must allege facts that establish the deprivation of a right, privilege, or immunity secured

4

by the United States Constitution or federal law by a person acting under the color of state law. *James*, 535 F.3d at 373. For a constitutional violation implicating the Fourteenth Amendment, a person must be deprived of a life, liberty, or property interest without due process of law. USCS Const. Amend. 14.

Primarily, Defendants contend Plaintiff has failed to plead any liberty interests that would make her due process claim viable. Additionally, Defendants argue because K.P. did receive notice and a hearing that her due process claim fails. Defendants point out that Plaintiff pleaded the due process violation is the result of "the hearing before the disciplinary committee was inadequate and there was no hearing before Superintendent and Defendant Haynes." [12] at p.5. They posit this is not enough to succeed under a procedural due process claim because K.P. has not pled that she did not receive notice of her charges or a due process hearing. Further, Defendants point out K.P. was not expelled, she was placed in alternative school. Defendants argue placement in alternative school does not implicate a protected property interest under the Due Process Clause. *See Nevares v. San Marcos Consolidated Independent School District*, 111 F.3d 25 (5th Cir. 1997).

Conversely, Plaintiff contends in her Response that she had a quasi-liberty interest in the damage to K.P.'s reputation. She also alleges Defendants had no evidence that would warrant sending K.P. to alternative school. However, notably, Plaintiff has no real rebuttal to Defendant's arguments that alternative school assignment is not a property interest.

Despite the arguments raised by Plaintiff in her response, the Court finds that the Amended Complaint itself does not adequately plead a cause of action. Stating that the hearing was "inadequate" is not enough. Plaintiff must state why the hearing was inadequate. *Twombly*, 550 U.S. at 570. Furthermore, the possibility of reputation as a quasi-liberty interest was raised

for the first time in the response but is not in the Amended Complaint and the Court must not look beyond the four corners of the pleadings to determine whether any relief should be granted. *Spivey*, 197 F.3d at 774. As such, this argument is not properly before the Court. Consequently, the Fourteenth Amendment claim for the reassignment to alternative school will be dismissed.[3]

### C. State Law Negligence Claim

Plaintiff alleges in relevant part:

> "However, the allegations against K.P. were unfounded. Superintendent Haynes made his decision without substantial corroborating evidence and in the face of evidence which clearly established that K.P. did not make the alleged threat. In fact, it was K.P. and her father who reported the threat to law enforcement. Superintendent Haynes' decision caused K.P.'s parents to withdraw her from the Jefferson Davis County School District, placing her in a private school and denied her a free and public education as required by the Mississippi Constitution. Superintendent Haynes' decision was vindictive, unreasonable, and without supporting evidence." [12] at p. 2.

To prevail on a claim of negligence, a plaintiff must allege sufficient facts to establish each of the elements of negligence: duty, breach, causation, and injury. The standard of care applicable in cases of alleged negligent conduct is whether the party charged with negligence acted as a reasonable and prudent person under the same or similar circumstances. *Miss. Dep't of Human Servs. v. S.W.*, 111 So. 3d 630 (Miss. Ct. App. 2012).

Defendants argue at the time of K.P.'s suspension and placement in alternative school, Haynes and the School District had a belief and evidence to support that K.P. made the subject shooting threat. It is further undisputed that K.P. received a hearing from the Disciplinary Committee. After said hearing, her suspension was upheld, and she was placed in alternative school. Therefore, Defendants contend this disciplinary decision cannot be said to have been

---

[3] The analysis for *Monell* liability is not properly at issue here because of the lack of constitutional violation. Thus the Court did not reach this argument at this time.

made in bad faith, maliciously, or in a grossly negligent manner[4]. Lastly, Defense Counsel argues that K.P. did not adequately specify how the claim was the fault of Haynes.

Plaintiff points out that she alleges the Superintendent made punitive decisions in this case without evidence to corroborate the punishment he meted out to her. Additionally, K.P. recognizes that this may be a simple allegation. However, she further argues it is specific and adequate, and includes the fact that Plaintiff was allegedly on the verge of arrest and incarceration when "cooler heads prevailed" and she was not detained. Ultimately, the Youth Court charges against K.P. were dismissed. Plaintiff further argues that all of these events were the direct and proximate result of Defendant Haynes' decisions without evidence. Summarily, K.P. posits that her allegations adequately specify her claims against the Superintendent.

Despite the Defendants' contentions, the Court finds that the claim is adequately pleaded. Defendants' arguments may be more appropriate for a future motion for summary judgment. However, at the motion to dismiss stage Plaintiff has pleaded sufficient facts to establish duty, breach, causation and damages. *S.W.*, 111 So. 3d at 630. Importantly, she alleges enough to indicate Haynes had a duty of care with respect to his punitive decision making. Further, Haynes breached that duty by making punitive decisions in this case, allegedly, without evidence to corroborate the punishment he meted out to Plaintiff. Additionally, That decision then caused the plaintiff damages to her reputation and education. Thus, the motion to dismiss with respect to the state law negligence claim is denied.

**III. CONCLUSION**

---

[4] While Defendants contend they were not "grossly negligent" it does not appear to be their argument that a gross negligence standard is required in this matter.

Although Plaintiff has already filed an Amended Complaint and has not specifically requested any further alternative relief in response to Defendant's motion, this Court frequently allows parties an opportunity to amend and correct pleading deficiencies after it has addressed a motion under Rule 12(b)(6) or 12(c). *See, e.g., Mowdy v. Huntingdon Ingalls Inc.*, 2020 WL 1867989, at *3 (S.D. Miss. Apr. 14, 2020); *Ducksworth v. Rook*, 2015 WL 737574, at *6 (S.D. Miss. Feb. 20, 2015); *Pardue v. Jackson County, Miss.*, 2015 WL 1867145, at *6 (S.D. Miss. Apr. 23, 2015). Even though some claims may not be cured by repleading, some may, and K.P. shall have one additional opportunity to plead her claims. Accordingly, Plaintiff may file a Second Amended Complaint within fourteen days of the entry of this order.

Based on the foregoing, it is hereby **ORDERED** that Defendants' Motion to Dismiss [16] Fourteenth Amendment Claims and state law negligence claims is **GRANTED** as to the Fourteenth Amendment Claims and **DENIED** as to the state law negligence claims, as stated here in.

SO ORDERED AND ADJUDGED this 3rd day of July 2023.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE